UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 24-2668(DSD/ECW)

Gardner Standard Kentaurus Holdco, LLC,

    Plaintiff,

v.                                                                **ORDER**

Alex Eaton, individually and as Trustee
of the Alexander James Eaton Revocable
Trust Utd November 20, 2017,

    Defendants.

This matter is before the court upon the partial motion to dismiss by defendants Alex Eaton, individually and as Trustee of the Alexander James Eaton Revocable Trust Utd November 20, 2017 (collectively Eaton). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

BACKGROUND

This contract dispute arises from plaintiff Gardner Standard Kentaurus Holdco, LLC's (Gardner) investment in Kentaurus Holdings, LLC (Kentaurus). Alex Eaton formed and managed Kentaurus. Compl. ¶¶ 6, 11. Kentaurus planned to purchase multifamily buildings throughout Minnesota and then "develop, improve, rent [the properties] out to tenants at an increased price, and ultimately sell for a profit[.]" Id. ¶ 7. The parties

signed a letter agreement on December 9, 2020 (Agreement), and Gardner invested $2,000,000 in Kentaurus. See Eaton Decl. Ex. C. Gardner also signed operating and subscription agreements relating to its investment. See id. Exs. A, B.

On July 9, 2024, Gardner commenced this action alleging that Eaton breached the Agreement in various ways.[1]  In addition to its contract claims, Gardner also alleges that Eaton violated Minnesota securities law by making untrue statements of material facts designed to induce Gardner into making the investment in Kentaurus.

Gardner first alleges that Eaton violated Minn. Stat. § 80A.76(b) by making misrepresentations regarding the financial condition of Kentaurus and its subsidiaries; the extent to which the properties underlying the investment would be used to secure debt; Eaton's intent to sell one or more of the properties within two years; and the degree of Eaton's control over Kentaurus's subsidiaries and the properties. Compl. ¶¶ 56-59.

Gardner next alleges that Eaton provided it with fraudulent investment advice designed to induce it into investing in Kentaurus, in violation of Minn. Stat. § 80A.76(f).[2]  Id. ¶¶ 61-

---

[1] The court will not detail this aspect of the complaint, as the contract claims are not subject to this motion.
[2] Gardner has since stipulated to the dismissal of this

2

63. Gardner also alleges control person liability under Minn. Stat. § 80A.76(g), based on Eaton's managerial control over Kentaurus.  Id. ¶¶ 65-69.  Gardner seeks injunctive relief, monetary damages, and a declaratory judgment.[3]  Id. at 13-15. Eaton now moves to dismiss the securities fraud and declaratory judgment claims.

## DISCUSSION

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

claim.  See ECF No. 42, at 6 n.1.

[3] The request for declaratory relief is set forth in count one of the complaint.  Gardner specially seeks declarations that (1) it has the right to cause Kentaurus and its subsidiaries to sell the properties, and (2) any debt incurred in violation of the Agreement is subordinate to the debt owed to Gardner.  Compl. ¶¶ 39.

3

556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

When fraud is alleged, the complaint must plead such allegations with particularity under Fed. R. Civ. P. Rule 9(b).  As a result, "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002).  To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, where, when, and how" of an alleged fraud.  United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citation and internal quotation marks omitted).  In other words, a plaintiff must plead "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."  BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation and internal quotation marks omitted).

**II. Fraud**

Eaton argues that Gardner's fraud claims fail for lack of specificity. The court agrees. Indeed, the allegations of securities fraud fall far short of Rule 9(b)'s particularity requirement. Gardner has not specifically identified what the allegedly misleading statements were, when they were made or by whom, where they were made, or how they were misleading. See Compl. As a result, Gardner has utterly failed to plead its state securities law claims with particularity, and dismissal is warranted.

Gardner requests the opportunity to replead its fraud claims but has not moved to amend its complaint, provided a proposed amended complaint, or even indicated what changes it would make to comply with Rule 9(b). Under these circumstances, the court declines to allow Gardner the opportunity to replead. See Drobnak v. Andersen Corp., 561 F.3d 778, 787 (8th Cir. 2009) (holding that a district court has the discretion to deny a request to amend a complaint "when plaintiff has not moved to amend [or] submitted a proposed amended pleading" and "the record did not indicate what one might have contained") (citations omitted).

**III. Declaratory Judgment**

Eaton also argues that Gardner's declaratory judgment claim should be dismissed because it simply seeks declarations as to the

parties' rights under the Agreement and related contracts, which will be litigated via the remaining contract claims. The court again agrees. Whether the Agreement has been breached is a question for a later day, and the remedies, should a breach be found, will be determined accordingly and consistent with the parties' agreements. As such, declaratory relief in this case "will not serve a useful purpose in clarifying and settling legal relations, [or] terminate the proceedings and afford relief from uncertainty, insecurity and controversy." Twin City Fed. Sav. & Loan Ass'n v. Gelhar, 525 F. Supp. 802, 804 (D. Minn. 1981). This claim is also dismissed.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The partial motion to dismiss [ECF No. 22] is granted; and

2. Counts 1, 4, 5, and 6 of the complaint are dismissed with prejudice.


Dated: December 16, 2024            s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court